IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD DUANE SHEPARD, TDCJ No. 640520, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:23-cv-1947-D-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

In 1992, a jury in Dallas County, Texas found Petitioner Richard Duane Shepard guilty of murder and, finding two punishment enhancements to be true, sentenced Shepard to life imprisonment. And Shepard was denied parole three times before his release to parole in 2014.

But his parole was revoked in 2016. And he has been denied parole multiple times since then.

In August 2023, Shepard filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the denial of his parole in October 2022. *See* Dkt. No. 3. Shepard amended his petition as ordered by the Court. *See* Dkt. Nos. 6 & 8. And, through his amended petition, Shepard alleges that the denial of parole violated his constitutional right to due process. *See* Dkt. No. 8 at 6.

The State answered the amended petition, urging its summary denial because the claims are not cognizable. *See* Dkt. No. 17. Shepard failed to file a reply, and the deadline by which to do so has expired. *See* Dkt. No. 11.

This habeas action is now referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sidney A. Fitzwater.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the amended habeas application with prejudice.

**Discussion**

There is no constitutional right to conditional release prior to the expiration of a valid sentence. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Moore v. Davis*, No. A-18-CA-104-LY, 2018 WL 1902689, at *3 (W.D. Tex. Apr. 20, 2018) ("Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole." (citing *Greenholtz*, 442 U.S. at 7)), *rec. adopted*, Dkt. No. 14 (W.D. Tex. May 7, 2018).

In Texas, "[e]ligibility for mandatory supervision is governed by the 'law in effect at the time the holding offense was committed.'" *Kirsch v. Quarterman*, Civ. A. No. H-07-524, 2008 WL 3003919, at *4 (S.D. Tex. Aug. 1, 2008) (quoting *Ex parte Thompson*, 173 S.W.3d 458, 458 (Tex. Crim. App. 2005)).

And it is settled that "[a] constitutional expectancy of early release exists only in Texas' mandatory supervision scheme in place for crimes committed before September 1, 1996." *Id.* (citing TEX. GOV'T CODE ANN. § 508.149(b); *Malchi v. Thaler*, 211 F.3d 953, 957-59 (5th Cir. 2000)); *see also Gonzales v. Thaler*, No. 2:09-cv-121, 2011 WL 4014326, at *2 (N.D. Tex. Aug. 19, 2011) ("The [United States Court of

Appeals for the] Fifth Circuit recognizes that prior to September 1, 1996, 'the TDCJ-CID had no discretion in deciding when or if to release an inmate on mandatory supervision,' but that as of September 1, 1996, a discretionary mandatory supervision scheme passed by the Texas Legislature took effect." (quoting *Teague v. Quarterman*, 482 F.3d 769, 774-75 (5th Cir. 2007))), *rec. adopted*, 2011 WL 3927057 (N.D. Tex. Sept. 7, 2011).

Even so, because Shepard was sentenced to life for his 1992 murder conviction, he never possessed a constitutional expectancy of early release. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) ("'[A] life-sentenced inmate is not eligible for release to mandatory supervision' under the 1981 version of the statute at issue. [And the Texas Court of Criminal Appeals has] concluded that neither the 1981 statute nor the current statute permitted release for prisoners sentenced for life. The court reasoned: 'Under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life.'" (quoting *Ex parte Franks*, 71 S.W.3d 327, 328 (Tex. Crim. App. 2001))).

Accordingly, Shepard's due process claims are frivolous. *See Casterline v. Gutierrez*, 792 F. App'x 320, 320 (5th Cir. 2020) (per curiam) ("Because Casterline was sentenced to life imprisonment, he is unable to show that he is entitled to release under [the reasoning in *Franks*]. Consequently, he has no constitutionally protected interest in release to mandatory supervision, and any due process claim is frivolous." (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Arnold*, 306 F. 3d at 279; citation

omitted)); *see also Twiss v. Davis*, No. 3:18-cv-1702-D-BN, 2018 WL 4178262, at *2 (N.D. Tex. July 3, 2018) ("Twiss, serving a life sentence for aggravated rape committed prior to September 1, 1996, is not eligible for release on mandatory supervision. And, '[i]f a Texas prisoner is ineligible for mandatory supervised release,' that prisoner has 'no federal constitutional claim for relief.'" (quoting *Panell v. Stephens*, No. SA-15-CA-163-XR (HJB), 2015 WL 2091934, at *3 (W.D. Tex. May 5, 2015); citation omitted)), *rec. adopted*, 2018 WL 4145891 (N.D. Tex. Aug. 30, 2018).

## Recommendation

The Court should dismiss the amended application for a writ of habeas corpus with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: February 15, 2024

                                                                    _____
                                                                    DAVID L. HORAN
                                                                      UNITED STATES MAGISTRATE JUDGE